SHARRIEFF SHAH (9238)
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, UT 84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

JOAN E. COCHRAN, *(Pro Hac Vice)*
COCHRAN, DAVIS & ASSOCIATES, P.C.
36 Malaga Cove Plaza, Suite 206
Palos Verdes Estates, California 90274
Telephone: (310) 373-0900
Facsimile: (31) 373-0244

*Attorneys for Reclamation Consulting &*
*Applications, Inc., et. al.*

FILED
U.S. DISTRICT COURT
25 NOV 03 PM 12: 03
DISTRICT OF UTAH
BY:_____
   DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEVE MADSEN, | Case No. |
| Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL** |
| vs. | |
| RECLAMATION CONSULTING and APPLICATIONS, INC., formerly RECYCLING CENTERS OF AMERICA, INC., a Colorado corporation, GORDON DAVIES and MICHAEL DAVIES directors and officers thereof, both California residents, | Judge Bruce S. Jenkins<br>DECK TYPE: Civil<br>DATE STAMP: 11/25/2003 @ 12:25:31<br>CASE NUMBER: 2:03CV01035 BSJ |
| Defendants | |

Defendants Reclamation Consulting & Applications, Inc., formerly Recycling Centers of America, Inc., a Colorado corporation, Gordon Davies and Michael Davies, pursuant to 28

U.S.C. §§ 1441 and 1446, hereby gives notice of the removal of this action to the United States District Court for the District of Utah, and in support of their notice states:

1. State Court Action

Plaintiff initiated an action on or about October 15, 2003, which is pending in the Third Judicial District, In and For Salt Lake County, State of Utah, entitled *STEVE MADSEN v. RECLAMATION CONSULTING AND APPLICATIONS, INC., formerly RECYCLING CENTERS OF AMERICA, INC., a Colorado corporation, GORDON DAVIES and MICHAEL DAVIES*, Case No. 030922685. A copy of the Complaint is attached hereto and is incorporated herein by reference.

2. Defendant's Receipt of Plaintiff's Complaint.

A copy of the Plaintiff's Complaint and Summons were served on defendants' registered agent for service of process, Robert S. Clarke, on October 27, 2003.

3. Nature of the Action in Plaintiff's Complaint.

Plaintiff's Complaint asserts claims against defendants for: 1) Conversion; 2) Wrongful Refusal to Transfer under the *Utah Uniform Commercial Code*; 3) Breach of Contract; 4) Common Law Fraud and Deceit/Fraudulent Misrepresentation/Negligent Misrepresentation/Concealment/Nondisclosure; 5) Violation of 61-1-22(1) of the *Utah Uniform Securities Act*; 6) Violation of 61-1-22(2) of the *Utah Uniform Securities Act*; 7) Control Person Liability under Both State and Federal Law; 8) Conspiracy; 9) Civil Aiding and Abetting; and 10) Breach of an Implied Covenant of Good Faith and Fair Dealing.


4. <u>Removal of State Court Actions.</u>

Under 28 U.S.C. § 1441(b), "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

5. <u>Diversity Jurisdiction.</u>

This action is removable under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332 (a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." *See also* Four Aces Mobile Home Estates v. Lundahl, 35 F. Supp. 2d 1337, 1340 (D. Utah 1998) (stating that "diversity jurisdiction is a two-part inquiry: diversity of parties and at least $75,000 in controversy.") Both elements, in this case, are satisfied.

First, the Plaintiff, Steve Madsen, is a disgruntled former employee of defendant Reclamation Consulting and Application, Inc. and presently resides in Salt Lake City, Utah. Moreover, Plaintiff's prayer for relief within his Complaint alleges damage in the sum of $373,570, punitive damages of $1,500,000, and exemplary damages of $2,500,000. These amounts clearly exceed the $75,000 jurisdictional amount.

Second, Defendant RECLAMATION CONSULTING AND APPLICATION, INC., formerly RECYCLING CENTERS OF AMERICA, a Colorado corporation, was at the time of the filing of this action, and still is a corporation organized and existing under the laws of the

Colorado with its principal place of business in Lake Forest, California. Defendant GORDON DAVIES and MICHAEL DAVIES are directors and officers of RECLAMATION CONSULTING AND APPLICATION, INC.

Further, Plaintiff admits in his Complaint, in paragraph 2, that defendant RECLAMATION CONSULTING AND APPLICATION, INC., formerly RECYCLING CENTERS OF AMERICA, is a Colorado corporation whose principal place of business in Lake Forest, California. In addition, the operative EMPLOYMENT AGREEMENT entered into between plaintiff and defendant specifically states in Section 2.17 Governing Law, The laws of California, without regard to conflicts of laws principles thereof, shall govern this agreement.

No defendant is a citizen of Utah, as a result, there is complete diversity of citizenship between plaintiff and all defendants. Also the amount in controversy in this action exceeds $75,000. Therefore, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(b).

6.   Venue.

The United States District Court for the District of Utah is the judicial district embracing the place where the state court action was brought and is pending, and therefore, the District of Utah is the proper district court to which this case should be removed. See 28 U.S.C. § 125 (c)(1) and §§ 1441(a) & (b) and 1446(a).

7.   Timeliness of Notice of Removal.

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since defendants received a copy of Plaintiff's Complaint.

563524.1                                                            4

8.   State Court Pleadings.

Pursuant to 28 U.S.C. § 1446(a), with this Notice, defendants are simultaneously filing copies of all process, pleadings, and orders existing on file with the State court in this removed action. Copies of these removal documents are attached to this Notice of Removal as **Exhibit A**. Further pursuant to 28 U.S.C. § 1446(d), defendants filed a true and correct copy of this Notice of Removal with the Clerk of the Third District Judicial Court, For Salt Lake County, State of Utah. A copy of the Notice of filing Notice of Removal is attached as **Exhibit B**.

DATED this 25th day of November, 2003.

SHARRIEFF SHAH
PARSONS BEHLE & LATIMER
*Attorneys for Reclamation Consulting &
Applications, Inc., et. al*

## CERTIFICATE OF SERVICE

I hereby certify that on this __25__ day of November 2003, I caused to be mailed, first class, postage prepaid, a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF REMOVAL** to:

JOHN MICHAEL COOMBS
**MABEY & COOMBS, L.C.**
3098 South Highland Drive, Suite 323
Salt Lake City, Utah 84106-6001

_____

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.